Gershengorn, J.
Plaintiffs Kenneth Walker and Nichole Walker brought this wrongful death action against defendants Bertucci’s, Inc. and Bertucci’s Restaurant Corp. The matter is presently before the court on the plaintiffs’ motion under Mass.R.Civ.P. 37(a) to compel Mary Jo Kennedy (Kennedy) to answer questions regarding her incident report and to compel the defendant to produce an additional copy of the incident report.
BACKGROUND
On January 8, 1994, Janet Walker (Walker) ate a chicken pesto sandwich at the Bertucci’s Restaurant in Salem, New Hampshire. As a result of an allergic reaction to nuts in the pesto sauce, Walker subsequently died. Kennedy was the waitress who served Walker the sandwich. The parties dispute the fact as to whether Walker was timely informed that the pesto sauce contained nuts. On January 14, 1994, Kennedy wrote a five-page statement of her version of the incident (incident report) for a representative of Travelers Insurance Company (Travelers), the defendants’ liability carrier. On October 31, 1995, the defendant inadvertently produced the incident report in response to plaintiffs’ discovery request. However, the report was illegible and the plaintiffs requested a clear copy. The defendant refused, claiming that the incident report was a work product.
DISCUSSION
Certain work products Eire protected from discovery under Mass.R.Civ.R 26(b)(3) which provides, in relevant part,
a party may obtain discovery of documents and tangible things otherwise discoverable ... prepared in anticipation of litigation ... by or for that other party’s representative (including his . . . indemnitor, [or] insurer . . .) only upon a showing that the party seeking discovery has a substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the *477 substantial equivalent of the materials by other means.
“A statement taken from a witness at a time when the statement-taker . . . was motivated by a need to obtain the facts for use ... in connection with a possible subsequent lawsuit, is protected [under Mass.R.Civ.P. 23(b)(3)] (subject to the substantial need-undue hardship exception . . .).” Smith and Zobel, Rules Practice s. 26.5 (1975). According to the defendants, on January 13, 1994, the restaurant where Walker was served was inspected by the State Board of Health at the request of an attorney for Walker’s family. The following day, an agent from Travelers took a written statement regarding the incident from Kennedy. Pursuant to Mass.R.Civ.P. 26(b)(3), an insurer is a representative of the party for purposes of the rule. Given that the incident report was written the day after the visit by a representative of the State Board of Health, it is highly probable that Travelers’ agent requested Kennedy’s statement in anticipation of a possible lawsuit.[4]
Assuming a statement was prepared in anticipation of litigation, the discovering party may still succeed if it can show both substantial need and undue hardship. Substantial need “requires showing that the item plays an exceptionally important part in the preparation of the discoverer’s case for trial.” Id. To meet the standard for undue hardship “one must convince the court that the materials sought encompass, in a wholly unique, unduplicable manner, the information sought; and further that even if the same or similar data were available elsewhere, obtaining it would involve a grossly disproportionate expenditure of time, or money or both.” Id. The plaintiffs state that they have substantial need “to use the statement to clarify inconsistencies in ... Kennedy’s testimony ... It contains highly relevant information on . . . Kennedy’s version of the events and information regarding her training... [BJecause of the lapse in time, the incident report contains information that is no longer fresh in the mind of . . . Kennedy.” The plaintiffs do not succeed in showing substantial need or undue hardship as Kennedy may be questioned about the incident. Therefore, the incident report is protected from discovery pursuant to Mass.R.Civ.P. 23(b)(3).
Nonetheless, an inadvertent disclosure of a work product may constitute a waiver to the privilege. In Fleet National Bank v. Tonneson & Co., 150 F.R.D. 10, 15 (D.Mass. 1993), the court stated that the appropriate question when an inadvertent disclosure of a work product is involved “is not whether it remains essential to continue to recognize the privilege; the question, rather, is whether there is cause not to do so, such as that recognition might work an injustice or impose an undue burden on the judicial system.” The court then cited factors to consider in the waiver including 1) if a party to whom work product is inadvertently disclosed can demonstrate that it was misled by, or that it relied to its detriment on, such inadvertent disclosure; 2) if the inadvertent disclosure occurred so far in the past or otherwise under circumstances where it was clear that recognition of the privilege would be an exercise in futility; 3) if the party invoking the privilege failed to take even minimally adequate precautions to guard against inadvertent disclosure; and 4) if the court could infer from a party’s gross negligence or complete indifference that, at the time of disclosure was made, the party actually did intend to waive the privilege. Id. at 15-16.
The defendants contend that they took minimally adequate precautions to avoid inadvertent disclosure. Specifically, an associate with defendants’ counsel was instructed not to produce any of the statements which were taken by the defendants’ insurance carrier. The associate removed three of the four statements taken by the defendants’ insurance carrier from the defendants’ document response but failed to remove the statement of Kennedy. The defendants requested return of the incident report upon plaintiffs’ request for a more legible copy of the report. This is not a case in which one document was inadvertently disclosed after the screening of tens of thousand of documents. See Fleet National Bank, supra at 16. The defendant should not be wasting public resources to solve a problem that might not have arisen if it had taken greater effort to preserve the privilege. Id. at 16 n. 10.
Accordingly, the defendants have waived the protection of the incident report provided by Mass.R.Civ.P. 23(b)(3). However, since the plaintiffs have not shown that they were misled by or detrimentally relied upon the inadvertent disclosure, this waiver applies solely to the incident report in possession of plaintiffs; it does not entitle them to an additional or legible copy. Further, plaintiffs may not question Kennedy for purposes of clarification of the illegible written contents of her incident report.
ORDER
It is therefore ORDERED that plaintiffs’ motion to compel the defendants to produce a legible copy of the incident report is DENIED. It is further ORDERED that plaintiffs may question Mary Jo Kennedy regarding the alleged incident but plaintiffs shall not question her for purposes of clarification of the illegible written contents of her incident report.

A routine business report is subject to discovery. See Shotwell v. Winthrop Community Hospital 26 Mass.App.Ct. 1014, 1016 (1988) (preprinted quality assurance incident report routinely completed after every “untoward” event was subject to discovery). Here,- the incident report, a narrative written at the behest of the Travellers’ agent in response to the restaurant inspection, was not a routine report. Indeed, the defendants did produce routine business reports including Customer Comment forms and a Customer Accident Report.